**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arlandis Wesley,<br><br>            Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>            Respondents. | No. CV-21-00623-PHX-MTL<br><br>**ORDER** |

Before the Court is Magistrate Judge Eileen S. Willett's Report and Recommendation ("R & R") (Doc. 11), which recommends that Petitioner Arlandis Wesley's Petition for Writ of Habeas Corpus (the "Petition") be denied. Petitioner filed objections (Doc. 12), and Respondents replied to those objections (Doc. 14.)  For the following reasons, the Court overrules Petitioner's objections and adopts the R & R in its entirety.

**I.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  This de novo review requirement applies only to "the portions of the [Magistrate

Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009). Such objections must be "specific." Fed. R. Civ. P. 72(b)(2).

The petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. This Court must deny the petition as to any claims that state courts have adjudicated on the merits unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## II. BACKGROUND

Because the R & R recounts the factual and procedural history of this case in detail (Doc. 11 at 1–2, 4–11), only a brief factual recitation is warranted. In May 2014, Petitioner and several others broke into a home with guns, threatened the home's occupants with guns, ziptied them, and stole several valuables, then left the house and evaded the police. (*Id.* 4–11.) Petitioner was initially charged in Superior Court case number 2014-121668-003. (*Id.* at 8, *see also* Doc. 11 at 15.) In that case, the State filed a request for a Rule 609 hearing because Petitioner had two prior convictions: aggravated assault–serious physical injury and discharging a firearm at a structure. (Doc. 10 at 12–17.) But the trial court dismissed that case number, and a new indictment against Petitioner was filed in case

number CR2017-001601-002. (Doc. 11 at 15.) In June 2017, the State filed a notice of disclosure in the new case indicating that the State intended to use Petitioner's prior felony convictions pursuant to Rule 609. (Doc. 9-1 at 90–100.) The State did not re-file a request for a Rule 609 hearing. (*See id.*) In October 2017, a jury found Petitioner guilty of conspiracy to commit burglary, burglary, four counts of kidnapping, two counts of armed robbery, attempted armed robbery, and unlawful flight from law enforcement vehicle. (Doc. 9-1 at 49–57.) The trial court then sentenced Petitioner to 32.75 years in prison. (*Id.* at 59–65.)

Petitioner timely filed a direct appeal. (*Id.* at 153.) In January 2019, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.* at 84–88.) Petitioner did not seek further review by the Arizona Supreme Court. (*Id.* at 201.) Petitioner then timely field a notice of post-conviction relief ("PCR"). (*Id.* 212–214.) The trial court dismissed the PCR petition on its merits (Doc. 9-2 at 36–38), then Petitioner filed a petition for review in the Arizona Court of Appeals (*Id.* 40–93). The Court of Appeals granted review but denied relief. (*Id.* at 121.)

On April 12, 2021, Petitioner timely filed a habeas petition in this Court. (Doc. 1.) The Petitioner raises one ground for relief: ineffective assistance of counsel. (*Id.*) The Magistrate Judge subsequently issued the instant R & R. (Doc. 11.) Petitioner objects to the R & R on the same grounds and argues that Rule 609(b) mandates that "the trial court [] weigh in and conduct an admissibility hearing." (Doc. 12 at 13.)

### III. DISCUSSION

Petitioner objects to the R & R's finding that his ineffective assistance of counsel claim is speculative, and speculation is insufficient to grant a writ of habeas corpus. (Doc. 11 at 10.) Petitioner argued that the trial court would have found his prior convictions inadmissible if it held a Rule 609 hearing, and he would have testified in that event. (*Id.*) The R & R determined these claims to be speculative, conclusory, and self-serving. (*Id.* at 10–11.) In his objection, Petitioner provides no evidence to the contrary. (*See id.*)

Petitioner first asserts that an "admissibility hearing is triggered once the State filed

its notice of intent to use prior felony convictions." (Doc. 12 at 4.) It is true that the decision to admit evidence of prior convictions "is committed to the discretion of the trial court." *United States v. Lipps*, 659 F.2d 960, 962 (9th Cir. 1981) (citing *U.S. v. Hendershot*, 614 F.2d 648, 653 (9th Cir. 1980)). But in the most general sense, the trial court is not required to act unless it has a motion pending before it. *United States v. Tryals*, 525 F. App'x 554, 555 (9th Cir. 2013) (explaining that the trial court has a requirement to rule on "an identifiable pending motion on the docket"). So a party's strategic decision to file a Rule 609 notice does not in and of itself impart an affirmative duty to hold a hearing.

Petitioner also argues that "his claim of ineffective assistance of defense counsel and the facts, arguments and assertions he raised . . . are true." (Doc. 12 at 4.) But none of Petitioner's assertions meet the two-prong *Strickland* test for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the Petitioner must show that counsel's performance was deficient and those deficiencies were prejudicial to the defense. *Id.* at 688, 692. Here, counsel's failure to argue against the admission of the prior conviction evidence was not deficient because there was no pending motion for counsel to have responded respond to. Similarly, no prejudice resulted from counsel's actions because Petitioner knowingly and voluntarily waived his right to testify. (Doc. 9-1 at 151.) Petitioner's assertion that he would have testified had he known his prior convictions would be introduced are insufficient to establish prejudice. *Date v. Schriro*, 619 F. Supp. 2d 736, 739 (D. Ariz. 2008) (a petitioner's assertion of a "self-serving, conclusory statement which lacks supporting evidence" fails to establish prejudice on habeas review). Thus, the R & R's finding that Petitioner failed to establish a colorable claim for relief is affirmed.

Finally, Petitioner contends that the PCR court "failed to perform its duty as a fact-finding forum." (Doc. 12 at 5.) But the PCR court found that Petitioner's ineffective assistance of counsel claim was "without merit" because he failed to show deficiency and prejudice. (Doc. 9-2 at 37.) The PCR court held that "[t]he issue was never resolved" because the trial court never made a decision as to whether his prior convictions could be

used for impeachment, and it never weighed the probative value or prejudicial impact of the convictions. (*Id.*) Petitioner's claim here is not a valid ground for habeas relief. To be entitled to habeas relief, a prisoner must show that the state court's determination "resulted in a decision that was contrary to . . . clearly established Federal law." 28 U.S.C. § 2254(d). Petitioner's argument here does not involve Federal law. The R & R also found that this claim for relief was unexhausted and procedurally defaulted. (Doc. 11 at 9.) Petitioner objects to this statement because he argues that it is dispositive, and thus exceeds the Magistrate Judge's authority. (Doc. 12 at 5.) But the R & R operates as a recommendation for this Court to adopt, and the R & R is not dispositive until this Court enters an order. Thus, the Magistrate Judge did not exceed the scope of her authority. Accordingly, Petitioner's claim of ineffective assistance of counsel fails and his objections are overruled.

### IV. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue either because dismissal of the Petition is justified by a "plain procedural bar," *id.* at 484, or because "jurists of reason" would not find the Court's assessment of the constitutional claims "debatable or incorrect," *id.* at 485.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Eileen S. Willett's Report and Recommendation (Doc. 11) is adopted.

**IT IS FURTHER ORDERED** that Arlandis Wesley's 28 U.S.C. § 2254 Petition (Doc. 1) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED denying** Arlandis Wesley's motion for a certificate of appealability and also denying leave to proceed in forma pauperis on appeal. (Doc. 13.)

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating the case.

Dated this 1st day of June, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge